# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT USA INC.,<br><br>    Plaintiff,<br>v.<br><br>ARMAND PATREGNANI,<br><br>    Defendant/Third-Party Plaintiff,<br>v.<br><br>BIKESTREET RETAIL, LLC d/b/a<br>BIKESTREET USA,<br><br>    Third-Party Defendant | Case No. 1:14-cv-00482-BLW<br><br>**MEMDORANDUM DECISION AND ORDER** |

Before the Court is Third-Party Defendant BikeStreet Retail d/b/a BikeStreet USA's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 17). BikeStreet, seeks dismissal of this action for lack of personal jurisdiction in Idaho. For the reasons set forth below, the Court finds that BikeStreet is not subject to general jurisdiction because it does not have substantial, continuous, and systematic contacts with the State of Idaho, but is subject to specific jurisdiction of the Idaho courts for reasons described below.

## BACKGROUND

BikeStreet is a Florida limited liability company with its headquarters in Florida. BikeStreet operates retail bicycle stores throughout Florida, North Carolina, and South Carolina. *Netral Decl.* ¶ 4. BikeStreet has never operated a store in Idaho nor sold its

**MEMORANDUM DECISION & ORDER - 1**

good to an Idaho purchaser. BikeStreet has never provided bicycle repairs services that required pick-up or delivery of repaired bicycle in Idaho.

In 2012, however, BikeStreet began purchasing bicycles and bicycle products from Scott USA, Inc., which has business operations in Idaho. As part of its arrangement with Scott USA to purchase bicycle products, BikeStreet requested and Scott USA extended a line of credit. Defendant Armand Patregnani personally guaranteed the line of credit, presumably at the request of BikeStreet.

In the credit application, which BikeStreet executed on August 8, 2012, BikeStreet consented to the jurisdiction in Idaho:

> The undersigned [Patregnani] further acknowledges that all applications are subject to approval and acceptance by SCOTT at its principal office in Sun Valley, Idaho. The law of the state of Idaho, excluding its choice of law rules, governs this application and any resulting agreement between SCOTT and the Dealer [BikeStreet]. The Dealer [BikeStreet] and the undersigned individuals [Patregnani] consent and submit to the jurisdiction of the courts of the state of Idaho including its courts in Blaine County.

*Patregnani Decl.* ¶¶ 4, 7, Ex. 1; *see also* Compl. Ex. A.

The Scott USA Personal Guarantee, executed by Patregnani, in order for Scott to extend credit to Bike Street, includes a similar provision:

> [The] law of the state of Idaho, excluding its choice of law rules, governs this Guarantee and any agreement between SCOTT and the Dealer [BikeStreet]. The Dealer [BikeStreet] and the undersigned individuals [Patregnani] consent and submit to the jurisdiction of the courts of the state of Idaho including its courts in Blaine County.

*Patregnani Decl.* ¶ 5, Ex. 2; *see also* Compl. ¶ 7.

Finally, the Terms and Conditions of Sale, also executed by BikeStreet on August 8, 2012, likewise contain a nearly identical provision:

> Governing Law. Except as otherwise provided herein, this agreement and all rights and obligations of the parties hereunder, including matters of construction, validity and performance, shall be governed by the laws of the State of Idaho, but without giving effect to the principles of conflicts of law thereof. The Dealer [BikeStreet] consents and submits to the jurisdiction of the courts of the state of Idaho including its courts in Blaine County.

*Patregnani Decl.* ¶ 6, Ex. 3; see also Compl. Ex. B.

According to Scott USA, BikeStreet defaulted on the credit terms. *Compl.* ¶¶ 4-5. On October 9, 2014, Scott USA therefore filed a lawsuit against Defendant Armand Patregnani in Idaho state court, seeking recovery of money damages under the personal guarantee. Specifically, Scott USA alleges in its Complaint that BikeStreet failed to pay amounts due and owing to Scott, and that Patregnani is liable for those amounts pursuant to the personal guarantee. *Id.* Patregnani removed Scott's action to this Court and filed his Answer and Third Party Complaint on November 21, 2014. *Third Party Compl.*, Dkt. 8. Patregnani's Third Party Complaint asserts a common law indemnity claim against BikeStreet, and alleges that his damages are attributable to the acts or omissions of BikeStreet. *Third Party Compl.*, pp. 6-7, Dkt. 8

## ANALYSIS

The Due Process Clause of the Fourteenth Amendment allows state court, and therefore this Court, to exercise personal jurisdiction over an out-of-state defendant if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*

*Co. v. Washington*, 326 U.S. 310, 316 (1945). The minimum contacts analysis allows this Court to obtain either general jurisdiction or specific jurisdiction over a non-resident defendant. *Doe v. Unocal, Corp.*, 248 F.3d 915, 923 (9th Cir. 2001).

For general jurisdiction the defendant must have continuous and systematic contacts with the forum state, but the particular cause of action may be unrelated to those contacts. *Id.* General jurisdiction broadly subjects the defendant to suit in the forum state's courts in respect to all matters, regardless of whether the matter before the court has anything to do with the defendant's contacts with the state. *Id.* In this way general jurisdiction is different from specific jurisdiction because specific jurisdiction depends on an "affiliatio[n] between the forum and the underlying controversy." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S.Ct. 2846, 2851 (2011) (internal quotation marks omitted) (alteration in original). There is no claim of general jurisdiction here; only specific jurisdiction is at issue.

Courts may assert specific jurisdiction over a defendant when it is permissible under both the forum state's long-arm statute and the Due Process Clause of the United States Constitution. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *see also* Fed. R. Civ. Pro. 4(k)(1)(A). Idaho's long arm statute extends to the fullest extent permitted by the Due Process Clause of the Constitution, *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987), and so the Court turns directly to the constitutional analysis.

The Ninth Circuit analyzes specific personal jurisdiction according to a three-prong test: (1) the defendant must perform an act or consummate a transaction such that it purposefully avails itself of the privilege of conducting activities in the forum; (2) the claim must relate to or arise out of the defendant's activities in the forum; and (3) the court's exercise of jurisdiction must be reasonable. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205-1206 (9th Cir. 2006). The plaintiff bears the burden of satisfying the first two prongs of the test. *See Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). If the plaintiff satisfies the first two prongs, the burden shifts to the defendant to come forward with a compelling case that the exercise of jurisdiction would not be reasonable. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (internal citation omitted).

Specific jurisdiction requires that the defendant's contacts represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's presence before the state's courts foreseeable. *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). In the purposeful availment inquiry the focus is on the defendant's intentions, and the cornerstones are voluntariness and foreseeability. *Id.* The defendant's contacts must be deliberate, and not based on the unilateral actions of another party. *Id.*

BikeStreet agreed that Idaho law would govern any disputes arising from its credit agreement with Scott USA and further consented "to the jurisdiction of the courts of the state of Idaho." *Terms and Conditions,* Patregnani Decl. ¶ 6, Ex. 3. Forum selection

clauses in commercial contexts are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances. *Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) (citing *Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1 (1972)). The party resisting enforcement must show that litigation in the selected forum "will be so gravely difficult and inconvenient that [the party] will for all practical purposes be deprived of [its] day in court." *Bremen* 407 U.S. at 18.

However, BikeStreet does not argue that the forum selection clause in this case is "unreasonable." Rather, it argues that the documents Patregnani cites as evidence of BikeStreet's consent to jurisdiction in Idaho – the Personal Guarantee, the Scott USA Credit Application and the Terms and Conditions of Sale – only pertain to disputes between BikeStreet and Scott USA – and not to disputes between BikeStreet and Patregnani. And, according to BikeStreet, "Patregnani may enforce the terms of those agreements only if he can show that he is a third-party beneficiary." *BikeStreet's Reply Br.* at 2, Dkt. 21.

But a formal third-party beneficiary relationship is not required for Patregnani to enforce the forum selection clause against BikeStreet. The test for non-signatories to an forum-selection agreement is broader: In order to bind a non-party to a forum selection clause, the party must be "closely related" to the dispute such that it becomes "foreseeable" that it will be bound. *Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n. 5 (9th Cir. 1988). There can be little doubt that BikeStreet is "closely related"

to the dispute between Scott USA and Patregnani. This dispute between Scott USA and Patregnani arises out of BikeStreet's alleged breach of its credit agreement with Scott USA, which Patregnani guaranteed. Thus, it is eminently foreseeable that BikeStreet would be bound by a forum selection clause that references BikeStreet specifically – even if BikeStreet was not a signatory to the Personal Guarantee signed by Patregnani.

The Court further finds that binding BikeStreet to the forum selection clause for the purpose of exercising personal jurisdiction does not offend due process. The fact that BikeStreet signed two separate documents consenting to jurisdiction in Idaho courts likewise makes it eminently foreseeable that BikeStreet would be held accountable for any alleged breach of those agreements in Idaho's courts. *See, e.g., Burger King*, 471 U.S. at 482 (finding that a choice of law provision, combined with the defendant's relationship with the forum, reinforced the defendant's "deliberate affiliation with the forum State and the reasonable foreseeability of possible litigation there"). In the Court's view, it makes little difference that BikeStreet has been haled into court here in Idaho by Patrengani as a third-party defendant, rather than being directly sued by Scott USA. Either way, it was foreseeable that BikeStreet would be sued in Idaho courts for any dispute arising from its credit arrangement with Scott USA.

Accordingly, the Court finds that the exercise of personal jurisdiction in this case over BikeStreet is reasonable and comports with the notions of fair play and substantial justice. BikeStreet has not carried their burden to establish that the exercise of personal jurisdiction would be unreasonable.

# ORDER

IT IS ORDERED that Third-Party Defendant BikeStreet Retail d/b/a BikeStreet USA's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 17) is DENIED.

DATED: April 16, 2015

B. Lynn Winmill
Chief Judge
United States District Court