UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT USA INC,<br><br>    Plaintiff,<br><br>    v.<br><br>ARMAND PATREGNANI,<br><br>    Defendant/Third-Party Plaintiff,<br><br>    v.<br><br>BIKESTREET RETAIL LLC d/b/a BIKESTREET USA,<br><br>    Third-Party Defendant. | Case No. 1:14-cv-00482-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendant Patregnani's Motion to Amend Answer (Dkt. 22), Plaintiff SCOTT USA's Motion for Summary Judgment (Dkt. 24), Defendant Patregnani's 56(d) Motion to Defer Judgment (Dkt. 29), and Defendant Patregnani's Motion for a Temporary Stay (Dkt. 30). The motions were argued on June 17, 2015. The Court ruled from the bench denying Defendant's Motion for a Temporary Stay, denying Defendant's Motion to Amend as futile, and denying Defendant's Motion to Defer

Judgment (Rule 56(d)). The Court granted Plaintiff's Motion for Summary Judgment. This decision memorializes the Court's oral ruling.

## BACKGROUND

In the case before the Court, Plaintiff, SCOTT USA Inc., desires to enforce a personal guarantee entered into by Defendant Armand Patregnani guaranteeing the debt obligations incurred by Third-Party Defendant BikeStreet Retail LLC.

In June 2012 and again in August 2012, Patregnani, as the manager and director of Bike Street, executed a written personal guarantee in favor of SCOTT USA. Pursuant to the terms of the guarantee, Patregnani guaranteed BikeStreet's debt obligations to SCOTT USA. In return, SCOTT USA sold bicycles and bike parts to BikeStreet on credit terms.

In October 2014, BikeStreet went into default. On October 8, 2014, SCOTT USA filed their Complaint against Patregnani, seeking to enforce the personal guarantee and collect the principal amount outstanding of $598,886.44. On November 10, 2014, this matter was removed to federal court. (Dkt.1). Patregnani filed his Answer and Third Party Complaint seeking indemnity from BikeStreet on November 21, 2014. (Dkt. 8). Patregnani filed a Motion for Leave to File an Amended Answer on February 27, 2015. (Dkt. 22). SCOTT USA filed a Motion for Summary Judgement on March 23, 2015. (Dkt. 24). In response, Patregnani filed a Motion for Relief under F.R.C.P. 56(d) on April 16, 2015 asking the Court to defer Judgment on the Summary Judgment Motion. (Dkt.

29). On the same day, Patregnani also filed a Motion for Temporary Stay (Dkt. 30) in light of pending litigation in Florida.

Because the Motion for Temporary Stay affects the ability to move forward, including rendering decisions in the other Motions before the Court, it will be addressed first.

## ANALYSIS

**1.     Motion for a Temporary Stay**

Patregnani contends that because BikeStreet filed a petition commencing an Assignment for the Benefit of Creditors (ABC) proceeding under Florida law, this action should be stayed. Patregnani's argument is not well-founded because granting a stay would be inconsistent with SCOTT USA's rights and Patregnani's obligations under the personal guarantee.

Patregnani expressly waived any right to require SCOTT USA to pursue a claim against BikeStreet before proceeding against him individually:

> The undersigned hereby expressly waives any right to . . . require that SCOTT USA . . . proceed against the aforementioned principal debtor (the Dealer) . . . as a condition precedent to the undersigned's immediate and continuing duty and liability to make full and prompt payment of all sums covered by this guarantee. (Dkt. 25, Ex. H)

SCOTT USA has the express right to go directly to Patregnani in an effort to enforce the guarantee without seeking any other relief.

Courts in Idaho and a variety of federal courts have enforced such language according to its plain terms, and denied efforts by a guarantor to compel an action against

the underlying debtor before any effort is undertaken to enforce the unconditional guarantee.  *See, e.g., Valley Bank v. Larson,* 104 Idaho 772, 775-76, 663 P.2d 653 (1983); *Webster Capital Fin. v. Newby*, Case No. 12-2290-EFM, slip op. at *5 (D. Kan. Feb. 14, 2013);  *Bank of Am. v. Sullivan,* Case No. 8:13-CV-385-T-17-EAJ, slip op. (M.D. Fla. May 23, 2013) (denying motion to stay proceedings against individuals who signed unconditional commercial loan guarantees); *Bank of Am., N.A. v. WRT Realty, L.P.,*769 F. Supp. 2d 36, 41 (D. Mass. 2011);  *Mitsui Taiyo Kobe Bk. v. First Nat'l*, 788 F. Supp. 1007, 1009 (N.D. Ill. 1992)(denying motion to stay action against guarantor pending resolution of foreclosure suit against primary obligor).

The Court will not ignore the express language of the contract granting an unconditional guarantee. To do so would be plainly inconsistent with the guarantee's very essence and purpose. Accordingly, there is no reason for this Court to await the outcome of the Florida ABC action,[1] and the Court will deny the Motion for Temporary Stay.

---

[1] Additionally, it is unknown how long the Florida proceeding could take. John E. Page, Counsel for Patregnani in the Florida ABC litigation, testified that the "Administration of an [Assignment for the Benefit of Creditors] Proceeding takes **at least six months and may last more than a year**…" Declaration of John E. Page ¶ 7 (Dkt. 30-2) (emphasis added). Undue delay is a further reason to deny Defendant's Motion.

## 2. Motion for Summary Judgment

Because Patregnani's Motion for a Temporary Stay is denied, the Court will address SCOTT USA's Motion for Summary Judgment. For the reasons set forth below, the Court will grant the Motion.

### A. *Legal Standard*

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). There must be a genuine dispute as to any material fact – a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt

unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc).  To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Deveraux*, 263 F.3d at 1076.  The non-moving party must go beyond the pleadings and show "by her [ ] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex*, 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quotation omitted).   Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

Only admissible evidence may be considered in ruling on a motion for summary judgment. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002); *see also* Fed.R.Civ.P. 56(e).  And statements in a brief, unsupported by the record, cannot be used

to create a factual dispute. *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396 n.3 (9th Cir. 1995).

### B.     *Discussion*

As the moving party, SCOTT USA bears the initial burden showing that there are no genuine issues of material fact in this case. As stated above, this does not need to be proved by any affirmative facts, but by simply pointing out the lack of evidence on the other party's side. SCOTT USA contends that this is a plain and simple breach of contract claim and that Patregnani has no evidence to indicate why it is otherwise, or why he does not need to perform. A breach of contract is "a failure, without legal excuse, to perform any promise, which forms the whole or part of the contract." *Idaho Power Co. v. Cogeneration, Inc.,* 9 P.3d 1204, 1212 (2000).

The burden is then shifted to the non-moving party to provide evidence which would create a dispute as to a material fact. In this case, Patregnani would need to present a "legal excuse" for his non-performance of the personal guarantee.

Patregnani first asserts that he has created sufficient material questions of fact regarding whether Scott materially breached the contract by exceeding the allowable amount of credit. Patregnani however does not present any evidence to support this claim, other than Patregnani's own unsubstantiated statement. Indeed, the evidence SCOTT USA has submitted demonstrates that SCOTT USA never exceeded the $800,000 credit limit.  That evidence has not been rebutted by anything more than Patregnani's conclusory and unsupported claims; significantly, he has pointed to no

financial records, accountings, or internal memoranda showing, or even suggesting, the credit limit was exceeded.

Next, Patregnani claims that a notice *may* have been sent from BikeStreet CEO Gregg Throgmartin relieving Patregnani of his obligation, but again, the only evidence in support of this claim is his own unsubstantiated testimony. More importantly, the plain language of the contract makes clear that until such notice is actually received, the personal guarantee remains in force:

> This guarantee shall continue in full force and effect, and shall be conclusively presumed to be relied upon by SCOTT USA, until such time as SCOTT USA receives from the undersigned written notice of revocation. Such revocation shall not in any way relieve the undersigned from any liability for any indebtedness incurred prior to the actual receipt by SCOTT USA at its office at P.O. Box 2030, Sun Valley, Idaho 83353 of such notice by United States first class mail, postage prepaid, return receipt requested. (Dkt. 25, Ex. H.)

Yet, Patregnani offers no evidence that he complied with the contract terms by sending a written revocation. Patregnani has not produced a copy of a notice of revocation; nor has Patregnani presented any evidence of its transmittal to or receipt by SCOTT USA. And SCOTTSUSA denies receiving any such notice. In considering the pending motion for summary judgment, the Court cannot consider Patregnani's *belief* that notice *may* have been sent to SCOTT USA.

Finally, Patregnani asserts that some merchandise *may* not properly be accounted for or that at times the revolving line of credit was not accurately reported. These are questions of math and documentation, not questions of opinion. Again, Patregnani has presented no evidence to validate these claims. They seem to be nothing more than

unresolved questions lurking in Patregnani's mind.  That is not enough to create a disputed issue of material fact.

Normally, it is the Court's duty to construe all inferences in favor of the non-moving party, however as previously noted, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quotation omitted). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003). Patregnani has not pointed to any facts, or produced any evidence to support his claims. Defendant repeatedly makes broad assertions, such as "Patregnani has shown the existence of material questions of fact" but then asks for more discovery time (Dkt. 29 pg. 3).  Similarly, he argues that "Patregnani's evidence…creates material questions of fact…" but then fails to identify the evidence presented or the questions of fact created (Dkt. 31, pg. 5).

This is precisely why the Ninth Circuit has advised the trial courts that "[a]n opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify denial of the motion." *Neely v. St. Paul Fire & Marine Ins. Co.*, 584 F.2d 341, 344 (9th Cir. 1978). Without evidence, an opposition to a summary judgment motion cannot be upheld. *See also*, *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary

judgment"); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("mere allegation and speculation do not create a factual dispute for purposes of summary judgment"); *Witherow v. Paff*, 52 F.3d 264, 266 (9th Cir. 1995) ("speculation does not create a factual dispute").

Presumably, in light of this, Patregnani filed a Rule 56(d) Motion in response to SCOTT USA's Summary Judgment Motion requesting that the Court withhold a decision so that he could gather the necessary evidence to defeat the Motion. Patregnani noted that he needed to take the deposition of Karen Bulls, SCOTT USA's credit manager, (Dkt. 29-1, pg. 3), along with others in order to determine if the contract was breached by SCOTT USA in regards to the $800,000 credit limit, if merchandise was ever returned, and if notice had been received of Patregnani's revocation of his guarantee.

Karen Bulls' deposition has now been taken (Dkt. 36-2, Ex. A), and it further underscores and bolsters the documentary evidence SCOTTUSA has submitted showing that (1) BikeStreet was never allowed to exceed its credit limit, (2) BikeStreet never returned merchandise, and (3) SCOTT USA never received formal or informal notice that Patregnani intended to revoke his personal guarantee. Contrary to creating evidence of a disputed material fact, Ms. Bull's testimony only serves as further evidence of Patregnani's breach.

At oral argument, Patregnani was unable to provide evidence substantiating any of his previous assertions or show that additional evidence may exist which would present an issue of material fact. The Court therefore finds that there is no genuine dispute of

MEMORANDUM DECISION AND ORDER - 10

material fact concerning SCOTT USA's right to enforce Patregnani's personal guarantee. Accordingly, SCOTT USA's Motion for Summary Judgment is granted.

### 3. Motion to Amend Answer

As Patregnani has been unable to produce any evidence to support the claim that his personal guarantee is unenforceable because the credit terms were changed without his consent, any amendments to his answer at this late date would be futile.

### 4. Motion to Defer Judgment 56(d)

As noted in the Summary Judgment discussion, Patregnani's goal in filing this motion was presumably to find evidence which would give rise to a dispute over a material issue of fact in the case. As was discussed above, this was not the outcome. And now the discovery deadline has passed and Patregnani has not filed a motion to supplement the record or to extend the discovery deadline. Therefore, the Court will deny this motion as well.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion for a Temporary Stay (Dkt. 30) is **DENIED**.

2. Plaintiff's Motion for Summary Judgment (Dkt. 24) is **GRANTED.**,

3. Defendant's Motion to Amend Answer (Dkt. 22) is **DENIED.**

4. Defendant's Motion to Defer Judgment under F.R.C.P. 56(d) (Dkt. 29) is **DENIED**.



DATED: August 13, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court