UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT USA INC., | Case No. 1:14-cv-00482-BLW |
|     Plaintiff, | ORDER |
| v. | |
| ARMAND PATREGNANI, | |
|     Defendant/Third-Party Plaintiff, | |
| v. | |
| BIKESTREET RETAIL, LLC d/b/a BIKESTREET USA, | |
|     Third-Party Defendant | |

The Court has before it Plaintiff Scott USA Inc.'s Motion for Attorney Fees (Dkt. 50). For the reasons set forth below, the Court will grant the motion and award Scott USA in the amount of $63,661.00.

## ANALYSIS

Scott USA brought this action against Defendant Armand Patregnani as a third-party guarantor to secure the repayment of trade and other debt incurred by Third Party Defendant BikeStreet Retail LLC. Scott USA filed a motion for summary judgment on its

ORDER - 1

single-count complaint for breach of guarantee contract against Patregnani and prevailed. *Memorandum Decision and Order*, Dkt. 45. The Personal Guarantee signed by Patregnani unequivocally provides for an award of reasonable attorney fees to Scott USA if Scott USA incurs attorney fees in an attempt to collect BikeStreet's debt from BikeStreet or Patregnani. *Bulls Decl.*, Ex. A, p. 5. In addition, Idaho law, which governs this case, provides that a prevailing party in an action to recover on a guaranty "shall be allowed a reasonable attorney fee to set by the court…" I.C. § 12-120(3).

The longstanding rule in Idaho is that attorneys' fees may be awarded if authorized by either contract or by statute. *Stibal v. Fano,* 337 P.3d 587, 594 (2014) (*citing Hellar v. Cenarrusa*, 682 P.2d 524, 531 (1984)). Here, an award of fees is authorized by both contract and statute. Indeed, under Idaho Code Section 12-120(3), an award of fees is mandatory. *Merrill v. Gibson*, 139 Idaho 840, 845, 87 P.3d 949, 954 (2004) ("The language of I.C. § 12-120(3) is mandatory and requires a trial court to award attorney fees to the prevailing party."). Accordingly, Scott USA is entitled to an award of reasonable fees and costs.

"The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). In determining a reasonable hourly rate, the court considers the "experience, skill and reputation of the attorney requesting fees," *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996), as well as "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895

ORDER - 2

(1984). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996) (footnote omitted).

In this case, Patregnani has not filed a response to Scott USA's motion for attorney fees. And, after reviewing, counsel's supporting declaration, the Court sees no reason to adjust the lodestar figure. SCOTT USA has been represented at all times by Moffatt, Thomas, Barrett, Rock & Fields, Chartered in the proceedings before this Court. All of SCOTT USA's paralegals and lawyers utilized reasonable rates, ranging between $120 and $300 per hour. This Court has previously approved comparable rates for paralegals and lawyers with similar qualifications and experience in Boise. *See, e.g., Asset Vision, LLC v. Fielding*, Case No. 4:13-cv-00288-BLW (D. Idaho Dec. 16, 2014) (Winmill, J.) (finding reasonable rates for partners of $245-$280 per hour, associate rates of $190-$200 per hour and paralegal rates of $125-$130 per hour). In addition, the Court finds that the number of hours expended by the various timekeepers was reasonable. Thus, the Court will award Scott USA an award of attorney fees in the amount of $63,661.00.

## ORDER

Plaintiff Scott USA Inc.'s Motion for Attorney Fees (Dkt. 50) is GRANTED. The Court will award Scott USA an award of attorney fees in the amount of $63,661.00.

DATED: November 12, 2015

B. Lynn Winmill
Chief Judge
United States District Court